THE BLUFF CITY FISH COMPANY, INC., Appellant,

*v.*

THE TENNESSEE GAME & FISH COMMISSION et al.,
Appellees.

415 S.W.2d 877.

(*Nashville*, December Term, 1966.)

Opinion filed May 22, 1967.

W. CARLTON BARNES, of counsel, HANOVER, HANOVER,
HANOVER, WALSH & BARNES, Memphis, for Appellant.

GEORGE F. McCANLESS, Attorney General, and HENRY
C. FOUTCH, Assistant Attorney General, Nashville, for
appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Appellant, Bluff City Fish Company, Inc., is engaged in business as a wholesale fish dealer in Memphis. When this bill was filed, the corporation possessed an annual privilege license to engage in such business issued to it by The Tennessee Game & Fish Commission.

On June 4, 1963, Bluff City filed this bill under authority of the Declaratory Judgments Act. The bill sought a declaration that Chapter 230 of the Public Acts of 1963 was unconstitutional in that it deprived Bluff City of its property without due process of law and imposed a burden on Interstate Commerce.

Defendants, The Tennessee Game & Fish Commission, and George F. McCanless, the Attorney General for the State of Tennessee, by their answer insisted the Act was authorized under the police power of the State.

The Chancellor found the Act to be a constitutional enactment and dismissed the bill.

Bluff City has appealed and assigned as error the failure of the Chancellor to hold the Act unconstitutional on the grounds the Act deprived it of its property

without due process of law and imposed a burden on Interstate Commerce.

Prior to the passage of the Act, Bluff City, under its privilege license, could import crappies from outside the State and store same in this State for resale and distribution. T.C.A. Sections 51-506, 51-507 and 51-508.

Chapter 230 of the Public Acts of 1963 amended these Code Sections by striking therefrom the word "crappie" wherever it appeared therein. The Act was passed on March 14, 1963, and approved by the Governor on March 22, 1963.

The effect of the amendment deprived Bluff City of the privilege of thereafter importing crappies from outside the State and storing the same in this State for resale and distribution.

Crappies are defined to be game fish. T.C.A. Section 51-430.

The Tennessee Game & Fish Commission has specific authority to promulgate rules and regulations as to the possession, transportation and selling of all game fish. T.C.A. Section 51-431.

The General Assembly of the State has the power to enact laws for the protection and preservation of Game and Fish, within the State. Article 11, Section 13, of the Constitution of Tennessee.

It is our opinion the General Assembly has the authority to enact laws forbidding the importation of fish from other States for resale and distribution in this State in furtherance of the enforcement of its laws for the conservation and protection of fish.

"While it may be that the State has no authority absolutely to forbid the importation of fish from other States, it may, as a means of the effective enforcement of its own statutes, forbid the sale or possession of fish for sale within the State during a closed season, even though the effect of such legislation is to prohibit the sale of fish imported from other States." 22 Am. Jur., Fish and Fisheries, Section 42, pages 697 and 698; Annotation, 92 A.L.R., page 1268.

"On the theory that wild game belongs to the State in its sovereign capacity and trust for the whole public, and that any right of property acquired therein by capture and possession is a qualified right only, and subject to all reasonable limitations imposed for the protection and preservation of such game, it is generally held that statutes or regulations regarding the possession, transportation, or sale within the State of fish or game taken outside the State are a valid exercise of the police power, and not unconstitutional as an interference with foreign or interstate commerce." Annotation, 92 A.L.R., page 1267, and cases therein cited.

In support of its insistence the Act is obnoxious to the due process clause of the Constitution, it is argued "every citizen has a right to import and place upon his table for his family's use any article of food known to be wholesome, and any law which deprives him of that right, infringes upon the liberty guaranteed to him by the Constitution."

The Act does not forbid the importation of crappies by an individual of this State for the use of his family. The effect of the Act is to forbid the importation

of crappies by a licensed wholesale fish dealer in this State for storage, resale and distribution.

The assignments of error are overruled and the decree of the Chancellor is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.